UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JUAN ANDRES BASABE and all others )
similarly situated under 29 U.S.C. 216(B), )
                                          )
            Plaintiff,                    )
      vs.                                 )
                                          )
COPPER STEEL SERVICES, INC.               )
MICHAEL DAVID CHEPENIK                    )
MELLANY D GRAY,                           )
                                          )
            Defendants.                   )
_____)

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS**

Plaintiff, JUAN ANDRES BASABE on behalf of himself and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, files this Complaint against Defendants, COPPER STEEL SERVICES, INC., MICHAEL DAVID CHEPENIK, and MELLANY D GRAY, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Broward County, Florida at the time that this dispute arose.

3. The Defendant COPPER STEEL SERVICES, INC. is a corporation that regularly transacts business within St. Lucie, Miami-Dade, and Broward counties. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant MICHAEL DAVID CHEPENIK is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying

    Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant MELLANY D GRAY is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in the Southern District of Florida.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

10. Plaintiff worked for Defendants as an iron welder from on or about February 5, 2013 through on or about October 15, 2013.

11. Plaintiff's work for Defendants was regularly performed throughout the Southern District of Florida.

12. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

13. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2012 and 2013.

15. Between the period of on or about February 5, 2013 through on or about October 15, 2013, Plaintiff was paid an average of $18.00 per straight time hour, but was never paid anything at all for at least 300 overtime hours worked during the relevant time period. Plaintiff therefore claims the time-and-a-half overtime rate for at least 300 overtime hours worked during the relevant time period.

16. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required

by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II. BREACH OF ORAL CONTRACT

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-16 above and further states:

17. This Court has jurisdiction for Plaintiff's breach of contract claim under the Court's Supplemental Jurisdiction. 28 USC 1367.
18. During the relevant time period that Plaintiff worked for Defendants, Defendants required Plaintiff to purchase $1,300 worth of supplies for Defendants business.
19. The agreement between Plaintiff and Defendants was that if Plaintiff paid for the $1,300 worth of supplies, Defendants would reimbursement the costs of the purchases.
20. Plaintiff spent the $1,300 on supplies for Defendants, but to this day Defendants have yet

to reimburse Plaintiff for the purchases.

21. Plaintiff had performed all duties under the oral contract, and as such Defendants have breached said contract.

22. Defendants breached the oral contract with Plaintiff and Plaintiff has been damaged.

Wherefore, Plaintiff requests all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the breach of oral contract, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT III. MONEY LENT

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-22 above and further states:

23. This Court has jurisdiction for Plaintiff's breach of contract claim under the Court's Supplemental Jurisdiction. 28 USC 1367.

24. "An action for money lent is an action at law which lies whenever there has been a payment of money from the plaintiff to the defendant as a loan." 42 C.J.S. IMPLIED CONTRACTS § 2 (2010). In order to state a claim for money lent, a plaintiff must allege: (1) money was delivered to the defendant, (2) the money was intended as a loan, and (3) the loan has not been repaid. See 66 Am. Jur. 2d RESTITUTION AND IMPLIED CONTRACTS § 171 (2010) (citing *Doughty v. Sullivan*, 661 A.2d 1112, 1123 (Me. 1995)).

25. During the relevant time period that Plaintiff worked for Defendants, Plaintiff spent

$1,300 for Defendants to cover the purchase of supplies.

26. Plaintiff lent the $1,300 on the reliance that Defendants would pay back the $1,300.

27. To date, the $1,300 has never been repaid to Plaintiff.

28. Defendant remains owing to Plaintiff the $1,300 of money lent.

Wherefore, Plaintiff requests all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to recouping the money lent, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121