## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

COOPER STEEL SERVICES, INC., including all of its officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, MICHAEL DAVID CHEPENICK, including his heirs, representatives, attorneys, successors, and assigns, MELLANY D GRAY, including her heirs, representatives, attorneys, successors, and assigns, (hereinafter collectively referred to as "Defendants") and JUAN ANDRES BASABE, including his heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1.   **Mutual General Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with each Plaintiff's employment with, or the separation of their employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiffs resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiffs are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Release includes all claims which were, or could have been, asserted in the lawsuit styled <u>JUAN ANDRES BASABE and all others similarly situated under 29 U.S.C. 216(B) v. COOPER STEEL SERVICES, INC., ET AL</u>, Case No.: 14-20163-CIV-GOODMAN pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2.   **Settlement Amount and Attorney's Fees.** In consideration of the promises of Plaintiff as set forth herein, the Parties agree to settle Plaintiff's claim for a total of Twenty-Five Thousand Dollars and no Cents ($25,000.00) which shall be paid via three post-dated checks dated 07/20/14, 08/27/14, and 09/27/14 made payable to the J.H. Zidell P.A. Client Trust Account, and all three checks delivered to J.H. Zidell P.A. in three equal amounts of Eight Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($8,333.33) by July 27th, 2014. Out of the settlement proceeds, Plaintiff shall receive Fourteen Thousand Four Hundred Five Dollars and No Cents ($14,405.00). Plaintiff's Counsel shall receive Ten Thousand Dollars

and No Cents ($10,000.00) as fees and Five Hundred Ninety-Five Dollars and No Cents ($595.00) as costs incurred in this litigation.

3. **Default Provision**: Should Defendants fail to make payments of the settlement funds pursuant to paragraph 2 of this agreement, Plaintiff's counsel shall give written notice via Email to Netali Peles, Esq. at netali@execlawpractice.com. In the event Defendants cure said breach within 3 business days, Plaintiff shall be entitled to an additional One Thousand Five Hundred Dollars and No Cents ($1,500.00) which Defendants will add to the cured payment. In the event Defendants fail to cure said breach within 3 business days, Plaintiff shall be entitled to a default final judgment against all Defendants, jointly and severally, in the amount of the unpaid balance and an additional Seven Thousand Five Hundred Dollars and no Cents ($7,500.00). The prevailing party shall be entitled to any fees and costs incurred in enforcing said settlement agreement and/or collecting the settlement amount.

4. **Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages, including, without limitation, Plaintiff, the IRS, or any other person.

5. **Mutual Covenant of Confidentiality**. The parties agree that the existence of this lawsuit and the terms of this Agreement, are strictly confidential and, except pursuant to a subpoena, to enforce this agreement, or to submit to the Court for review and approval of the Parties settlement agreement or others as required by applicable law, shall not be disclosed to any other persons, entities, or organizations, directly or indirectly through others, without prior written approval of both Plaintiff's counsel and Defendants' counsel.

6. **Non-Admission Clause.** By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

7. **Non Disparaging Remarks**. The parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay.

8. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

9.  **Dismissal of Lawsuit.** Within five business (5) days of signing this Agreement by Defendants and delivery to Plaintiff's Counsel of a fully executed copy of this agreement, Plaintiff's Counsel agrees to file with the Court in the Litigation a Motion for Approval of the Parties Settlement Agreement and Dismissal With Prejudice of all claims asserted by Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this agreement, along with a proposed Order.

10. **Agreement Not to Be Used as Evidence.** Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Defendants, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

12. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

13. **Enforcement.** In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

14. **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

15. **Acceptance:** Plaintiff hereby expressly agrees that the settlement payments are being accepted by the employees as full and complete consideration for all of the employees claims under the FLSA and state wage and hour law, whether asserted in the Civil Action or otherwise that no other overtime payments, wages, tips or other compensation is due and owing, and that Plaintiff will not be entitled to any additional amounts pursuant to the FLSA or state was and hour law.

16. **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

JUAN ANDRES BASABE

By: _____
   JUAN ANDRES BASABE

Date: 7-15-14

COPPER STEEL SERVICES, INC.

By: _____
Name: Michael Chepnick
Title: CEO
Date: 7/21/14

MICHAEL DAVID CHEPNICK

By: _____
   MICHAEL DAVID CHEPNICK

Date: 7/21/14

MELLANY D GRAY

By: _____
   MELLANY D GRAY

Date: 7/21/14